UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 FEB -4 P 1: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BELA F. BALOGH,<br>    Plaintiff<br><br>V.<br><br>MARIETTE L. POIRIER, f/k/a<br>MARIETTE L. BALOGH and<br>THE MASSACHUSETTS<br>STATE CARPENTERS PENSION FUND,<br>    Defendants | C. A. NO.<br><br>04-40016  |

NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§1441-1452 Defendant, Massachusetts State Carpenters Pension Fund (Pension Fund), hereby removes the above-entitled action pending in the Probate Court of Worcester County in the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. In support of its Notice of Removal the Pension Fund states:

1.   On or about January 7, 2004 an action entitled <u>Bela F. Balogh vs. Mariette L. Poirier f/k/a Mariette L. Balogh and the Massachusetts State Carpenters Pension Fund</u>, (Civil Action 03E 0057-GC), was commenced in Worcester County Probate Court for the Commonwealth of Massachusetts (A copy of the Plaintiff's Complaint is attached hereto and marked as <u>Exhibit 1</u>)

2. On or about January 22, 2004 a copy of the Complaint was received at the offices of the undersigned as counsel for the Pension Fund. The undersigned agreed to accept service on behalf of the Pension Fund.

3. Upon information and belief the Complaint served upon the Pension Fund was a Second Amended Complaint and the only pleading properly served upon the Pension Fund.

4. The Plaintiff is a beneficiary/participant of the Massachusetts State Carpenters Pension Plan.

5. The Pension Fund is an employee benefit plan as defined in The Employee Retirement Income Security Act of 1974 29 U.S.C. Section 1002 (3), (ERISA).

6. The claim asserted by the Plaintiff alleges a denial of benefits by the Trustees of the Pension Fund.

7. Plaintiff's Complaint alleges action by the Trustees of said ERISA Fund concerning the administration of an ERISA Plan for which the Untied States District Courts have original Federal question jurisdiction.

8. Pursuant to 28 U.S.C. Sections 1441-1452 this action is therefore being removed to this Court by the Defendant Pension Fund.

9. This Notice of Removal is filed within 30 days of the date Defendant received a copy of the Complaint notifying it that an action had been filed in the Probate Court.

10. Attached as <u>Exhibit 2</u> is a true and accurate copy of the Notice To The Probate Court for Worcester County in the Commonwealth of Massachusetts of the filing of the Notice of Removal, the original of which is being filed with the Clerk of the Worcester Probate Court, as required by 28 U.S.C. Section 1446(b).

11.  Attached as <u>Exhibit 3</u> is a true and accurate copy of a Notice to Adversary of Removal of Action, the original of which is being served on Plaintiff's counsel as is required by 28 U.S.C. Section 1446(a).

WHEREFORE, the Defendant, Massachusetts State Carpenters Pension Fund Requests that this Court assume full jurisdiction over this cause of action, as provided by law.

                              MASSACHUSETTS STATE CARPENTERS
                              PENSION FUND
                              By Its Attorney,

Dated: February 3, 2004

                              James F. Grosso – BBO# 213320
                              O'Reilly, Grosso & Gross, P.C.
                              1671 Worcester Road
                              Framingham, MA  01701-5400
                              Tel:  508/620-0055
                              Fax:  508/620-7655

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the Attorney of Record for each Party by mail-hand on.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS            PROBATE & FAMILY
COURT DEPT.

NO. 03E 0057-GC

BELA F. BALOGH,
     Plaintiff

v.

MARIETTE L. POIRIER, F/K/A
MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
     Defendants

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Jurisdiction is conferred upon this court under M.G.L. ch. 215 s.6 and ch. 231A s. 1.

1. On or about February 1, 1992, Plaintiff married Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh.

2. On or about March 17, 1993 the plaintiff filed a pension application with the Massachusetts State Carpenters Pension Fund (hereinafter " Pension Fund"), a copy of which is annexed and marked Exhibit A.

3. When filling out the pension application, Plaintiff met with a representative of Defendant, Pension Fund.

4. When filling out the pension application, Plaintiff chose to receive his pension benefits in the form of a 75% Participant-Spouse Benefit.

5. At the time the pension application was made, Plaintiff was still married to Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh.

6. On or about September 22, 2000, Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh filed a Complaint for Divorce against Plaintiff which is annexed and marked Exhibit B.

7. On or about August 13, 2002, the divorce became final (See Judgment annexed and marked Exhibit C).

8. After the divorce, Plaintiff attempted to remove Defendant Mariette L. Poirier, f/k/a Mariette L. Balogh from the position of beneficiary of his pension without changing the benefit payments to himself or his beneficiary.

9. Defendant, Pension Fund, refused Plaintiff's request.

10. Plaintiff asserts and claims that his pension is his property right and that Defendant, Pension Fund, has no absolute right to refuse his request to change the beneficiary of his pension plan when said change has no effect on it, and defendant disputes this and claims the right to refuse to change the beneficiary as set forth in a letter, a copy of which is annexed and marked Exhibit D.

11. Unless the rights of the plaintiff and the defendant Pension Fund regarding the right of Plaintiff to change the beneficiary of his pension plan, the plaintiff will continue to suffer irreparable loss and damage by the loss of pension benefits, and plaintiff further desires to avoid litigation and seeks in this action a judicial determination of Plaintiff's and Defendant Pension Fund's rights regarding Plaintiff's right to change the beneficiary of his pension plan so as to guide them as to their future conduct regarding the same.

12. Plaintiff has no adequate remedy at law.

**WHEREFORE**, plaintiff demands judgment:

I. That Plaintiff have a declaratory judgment herein, pursuant to M.G.L.A. ch. 231A, determining his right to change the beneficiary of his pension plan and specifying that he is entitled to change the beneficiary of his pension plan;

II. That the defendant is enjoined from preventing Plaintiff from changing the beneficiary of his pension plan.

III. For costs.

RESPECTFULLY SUBMITTED
Bela F. Balogh
By His Attorney,

Vincent Pusateri, Esquire
PUSATERI & PUSATERI, P.C.
128 Prichard Street
Fitchburg, MA 01420
Tel. (978) 342-6081
BBO No.: 408120

DATED: December 9, 2003

# Massachusetts State Carpenters Pension Fund

350 FORDHAM ROAD  •  SUITE ONE  •  WILMINGTON, MASSACHUSETTS 01887
TELEPHONE: (508) 694-1000

## PENSION APPLICATION

Office Use Only (BH)
Application # ..... 6768
Type ..... Early
Effective Date ..... 4-1-93
Amount $ ..... 1222.58
Option ..... 75% PS
Lump Sum ..... 3,000.00
Check # ............. Date .........

TO THE BOARD OF TRUSTEES:

1. Name __Balogh__ __Bela__ __F.__
   Last                First              Middle

2. Address __68__ __Keyes Rd.__
   Number            Street

   City __Gardner__ State __MA__ Zip __01440__ Telephone __(508) 632-0966__
                                                              Area Code

3. Social Security No. __216 38 6829__ Date of Birth __3-9-38__
                                                    (Attach Proof)

4. Marital Status:   Single ☐   Married ☐   Widowed ☐   Divorced ☒   Re-Married ☒

   NOTE: If your marital status is divorced, you must check the box marked Divorced and forward copies of your Divorce Decree and ALL DOCUMENTS FILED WITH YOUR DECREE.

**COMPLETE THE ENCLOSED FORM IF YOU WISH YOUR MONTHLY PAYMENT ELECTRONICALLY DEPOSITED TO YOUR BANK**

Name of Spouse *Mariette L. Balogh* Social Security No. *015 30 6658*

Date of Birth *5-2-38* Date of Marriage *2-1-92*

**COMPLETE (i) AND (ii) BELOW, IF YOU ARE NOT MARRIED OR IF YOU DO NOT WISH TO NAME YOUR SPOUSE AS BENEFICIARY**

(i) Name of Beneficiary ............... Social Security No. ...............

........... Street ........... City ........... State ........... Zip Code

Date of Birth ............... Relationship ...............

(ii) Name of Beneficiary ............... Social Security No. ...............

........... Street ........... City ........... State ........... Zip Code

Date of Birth ............... Relationship ...............

5. Date of Last Initiation into the United Brotherhood *7-16-69*

5. a. Present Local Union *1121*

6. Were you a member of your present Local Union on June 1, 1962?    Yes ☐    No ☐

If "No," Please state, (a) Local Union # cleared into ............... (b) Date cleared ...............

(c) Local transferred from ............... State ...............

7. Type of Pension: If eligible, I wish to retire on a (check one)

Regular Pension ☐    Early Retirement Pension ☒    Disability Pension ☐    Vested ☐    Pro Rata ☐

Service Pension ☐ (No age requirement, 30 or more pension credits worked in Massachusetts)

**IF YOU ARE APPLYING FOR A DISABILITY PENSION, COMPLETE THE FOLLOWING**

(a) Have you applied for a Social Security Disability Award?    Yes ☐    No ☐

(b) If "Yes," have you received a decision?    Yes ☐    No ☐

(c) If "Yes," has it been approved or rejected?    Approved ☐    Rejected ☐

**IF IT HAS BEEN APPROVED, PLEASE FORWARD A COPY OF THE AWARD CERTIFICATE, INDICATING YOUR DATE OF ENTITLEMENT FROM SOCIAL SECURITY**

3. Have you ever collected a pension from this office?    Yes ☐    No ☒

9. Participant-Spouse Benefit — If you are married, you MUST check either 1, 2 or 3. IF THIS PORTION OF YOUR APPLICATION IS NOT COMPLETED, THE APPLICATION WILL BE RETURNED TO YOU. This could delay the effective date of your pension. Your election may not be changed after the effective date of your pension.

(1) ☐ I DO NOT WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit.

*(2) ☒ I DO WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit.

(3) ☐ I MAY WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit. Please let me know the amount of the pension benefit payable under the 75% Participant-Spouse Benefit.

B. If you have checked 9(1) above, and do not elect 10c below, **100% Participant-Spouse Option**, you and your spouse must complete the enclosed Participant Statement before your pension application can be considered.

✓ *Bela T Balogh*                              ✓ 3-17-93
    Signature of Applicant                            Date

✓ *Marietta Balogh*                            ✓ 3-17-93
    Signature of Spouse                               Date

10. OPTIONS UNDER THE PLAN:
If you DO NOT elect to receive benefits in the form of a 75% **Participant-Spouse**, 9(1) above, you may elect one of the following options:

a. ☐ Ten Year Certain Option

b. ☐ Joint & Survivor    ☐ 50%    ☐ 75%    ☐ 100%

*c. ☐ 100% **Participant-Spouse** Option

PLEASE FORWARD A COPY OF YOUR MARRIAGE CERTIFICATE AND SPOUSE'S BIRTH CERTIFICATE, IF YOU CHOOSE A SPOUSE'S BENEFIT

If you DO NOT elect a 75% Participant-Spouse Benefit, or any of the ABOVE options and die prior to collecting 60 payments, your spouse or beneficiary will receive the remaining payments in the same monthly amount.

*If, before you have collected 24 pension payments, and you have elected the 75% or 100% Participant-Spouse Option, your spouse dies, or you are divorced and are not required to continue pension payments to your spouse under a (QUADRO) Qualified Domestic Relations Order, your benefit will be increased to the amount you would have received had you elected a lifetime pension option. To receive this increase in your pension, you must notify this office by forwarding a copy of the DEATH CERTIFICATE or a copy of the DIVORCE DECREE AND ALL DOCUMENTS FILED WITH THE DECREE.

— 3 —

1. You may also elect to receive a one-time lump sum Readjustment Allowance of 10% but not to exceed $3,000.00. You ARE NOT eligible to elect this payment if you are applying for a **DISABILITY PENSION**.

☑ I DO wish to elect a ONE-TIME READJUSTMENT ALLOWANCE.

☐ I DO NOT WISH to elect a ONE-TIME READJUSTMENT ALLOWANCE.

If you elect the One Time Readjustment Allowance, and do not request a rollover, this office must withhold 20% Federal Tax and 5.95% State tax, from your payment. If your residence is outside Massachusetts, State tax will not be withheld.

Note: The Election/Rejection of Direct Rollover portion of this application, must be completed. Failure to complete this portion will result in a delay of your pension application.

## ELECTION OR REJECTION OF DIRECT ROLLOVER TO AN IRA OR RETIREMENT PLAN

If you receive part of your benefit as a **Lump Sum**, you may elect to have part or all of that distribution transferred directly to an Individual Retirement Account (IRA) or to another qualified retirement plan (if it accepts rollovers). If you choose not to have that distribution transferred directly to an IRA or other retirement plan, the Plan is required to withhold 20 percent of the payment for federal income taxes and 5.95 percent for state income taxes. This withholding does not increase your taxes, but will be credited against any income tax you owe.

For further information on direct rollovers and withholding, please read the enclosed Special Tax Notice Regarding Plan Payments. You also may wish to consult your tax advisor before making this decision.

You may choose to have only part of the payment directly rolled over, and to have the rest paid to you. Withholding will be taken out of any part that is not directly rolled over. If you want to have only part of your payment directly rolled over, please tell us the amount (at least $500) that you would like to roll over.

Check below to indicate whether or not you elect a direct rollover of your lump sum re-adjustment allowance:

✓    **I do not** want to roll over any of my lump sum payment to an IRA or other qualified retirement plan. Pay me the full amount of my benefits, after withholding 20 percent for federal income tax as required by law and 5.95 percent state income tax.

✓ _Bela F Balogh_          ✓ _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_
Name (please print)              Social Security Number

✓ _Bela F Balogh_          ✓ _3-17-93_
Signature                           Date

_____    I want to roll over my lump sum payment directly to an IRA or other qualified retirement plan that accepts rollovers. The IRA or other retirement plan is named on the reverse side.

— 4 —

_____ I would like to have only **part** of my payment directly rolled over. Please roll over $_____ to the IRA or qualified retirement plan named below, and pay the remainder of my benefit to me, after withholding 20 percent for federal income taxes as required by law and 5.95 percent state income tax.

_____  _____
Name (please print)                Social Security Number

_____  _____
Signature                          Date

## TO ELECT A DIRECT ROLLOVER
## YOU MUST PROVIDE ALL OF THE FOLLOWING INFORMATION

Please make payment of my benefit on my behalf to:

_____  _____
Name of IRA Trustee or Qualified Retirement Plan    Account Number

_____
Mailing Address

_____

_____

## CERTIFICATION

I certify that the recipient of a direct rollover that I have named above is an Individual Retirement Account, an Individual Retirement Annuity, or a qualified retirement plan that accepts rollovers. I understand that payment of my benefits to the trustee of the IRA or qualified retirement plan will release the Trustees of the Massachusetts State Carpenters Pension Plan from any further obligations or responsibilities with respect to the benefits so paid.

_____  _____
Name (please print)                Social Security Number

_____  _____
Signature                          Date

NOTE:  If you elected a direct rollover of your Lump Sum readjustment, the completed Authorization/Transfer form must be returned with your application, or, as soon as possible, or payment will be made to *you,* after deducting the legally required withholding.

12. My last date of employment was or will be __11__ _____ __92__
                                                           Month          Day          Year

13. Last Employer __C.R.I.M.__

__3/17-93__          __Bela F Balogh__
Date                             Signature of Applicant

## TO BE COMPLETED BY YOUR FINANCIAL SECRETARY

I hereby certify that the above employee's last date of initiation into the United Brotherhood was_____
                                                                                                                                                                         Month  Day  Year

I further certify that the above employee was a member of this Local Union on June 1, 1962. If clearance card deposited or granted after June 1, 1962, please show date received_____also Local Union #_____ from which man transferred to your Local Union.

AFFIX UNION SEAL

_____
Signature of Financial Secretary

L.U. # _____ Date _____

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT DEPARTMENT

**WORCESTER DIVISION**                                         **DOCKET #**

## COMPLAINT FOR DIVORCE

_____MARIETTE L. BALOGH_____, PLAINTIFF

v.

_____BELA F. BALOGH_____, DEFENDANT

1. Plaintiff, who resides at <u>10 River Road, 14C, Winchendon, Massachusetts 01475</u>, is lawfully married to Defendant, who now resides at <u>10 River Road, 14C, Winchendon, Massachusetts 01475</u>.

2. The parties were married at <u>Gardner, Massachusetts</u>, on <u>February 1, 1992</u>, and last lived together at <u>Winchendon, Massachusetts</u>, on <u>May 29, 2000</u>.

3. The minor child of this marriage and date of birth is:

   _____None_____   _____

   _____   _____

4. Plaintiff certifies that no previous action for divorce, annulling or affirming marriage, separate support, desertion, living apart for justifiable cause, or custody of          has been brought by either party against the other except: <u>None</u>.

5. On or about <u>May 29, 2000</u>, Defendant <u>was guilty of Cruel and Abusive Treatment toward the Plaintiff as well as on diverse other times and occassions and/or the parties experienced an irretrievable breakdown of the marriage uner M.G.L. Ch. 208, Section 1B</u>.

6. Wherefore, Plaintiff requests that the Court:

   ☒ grant a divorce for <u>Irretrievable Breakdown and/or Cruel and Abusive Treatment</u>.
   ☒ prohibit Defendant from imposing any restraint on Plaintiff's personal liberty.
   ☒ <u>order a suitable amount of support of Plaintiff.</u>
   ☐ order conveyance of the real estate located at _____, standing in the name(s) of ____, as recorded with ___ Registry of Deeds, Book _____, Page _____.
   ☐ allow Plaintiff to resume her former name of _____.
   ☒ order an equitable distribution of the marital assets.

Dated:                                    _____
                                          Douglas L. Burwick
                                          Attorney for Plaintiff
                                          90 Main Street
                                          Leominster, MA 01453
                                          BBO #067340

                                          Telephone:   (978) 537-3333
                                          Telefax:     (   )

CJ-D 101 (6/90)                                                    c.g f. / LRAM

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT

WORCESTER, S.S.                                              DOCKET NO. 00DR2080-DV1

| |
|---|
| MARIETTE L. BALOGH, Plaintiff |
| Vs. |
| BELA F. BALOGH, Defendant |

## JUDGMENT
(On Complaint for Divorce filed September 12, 2000)

All persons having been notified in accordance with law and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted said Plaintiff for the cause of irretrievable breakdown as provided by G.L. c. 208, § 1B and that upon expiation of three months from the entry of this judgment it shall become absolute unless upon the application of any person within such period, the court shall otherwise order, and it is further ordered that:

1. Each party shall retain all items of personal property, real estate and intangible property including bank accounts standing in their individual name. Husband shall retain all monies in his Fleet Bank Account No. 266-74955, free from any claim of the Wife.

2. Neither party shall pay alimony to the other party.

3. Each party shall be responsible for their own medical and dental expenses.

4. The Wife shall be allowed to resume her former name of Poirier.

5-14-02
Date

ABSOLUTE: August 13, 2002

Joseph Lian, Jr., First Justice
Worcester Probate and Family Court



## MASSACHUSETTS STATE CARPENTERS PENSION FUND

350 FORDHAM ROAD • SUITE ONE • WILMINGTON, MASSACHUSETTS 01887-2161

TELEPHONE (978) 694-1000                                              FAX (978) 657-8810

May 21, 2002

Vincent Pusateri, Esquire
128 Prichard Street
Fitchburg, MA 01420

Re:   Bela Balogh

Dear Attorney Pusateri:

This will acknowledge receipt of your letter dated May 20, 2002 regarding Mr. Bela Balogh's pension.

As stated in your conversation with this office, a Participant Spouse Pension, once payable, may not be revoked unless either the Pensioner or the spouse files for divorce within 24 months after the Participant's Pension Starting date.

Mr. Balogh's pension effective date was April 1, 1993. Accordingly, as neither filed for divorce within the 24 months after April 1, 1993, the Participant Spouse Option cannot be revoked.

Please refer to the enclosed Page 20, Participant Spouse Pension, Section 5.03 (e) and (h) of the Plan Document.

If you have any questions, please contact this office.

Sincerely,

Harry R. Dow
Executive Director

HRD: bac

Enclosures



COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS                                                                    PROBATE & FAMILY
                                                                                              COURT DEPT.

                                                                                              NO. 03E 0057-GC

BELA F. BALOGH,
    Plaintiff

v.

MARIETTE L. POIRIER, F/K/A
MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
    Defendants

### JUDGMENT

After a hearing, Plaintiff's Motion to Amend the Complaint in Accordance with Mass.R.Viv.P. 15 is hereby allowed.

1-7-04

_____
Justice of the Probate Court

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS | PROBATE AND FAMILY COURT<br>WORCESTER DIVISION<br>NO. 03E 0057-GC |

BELA F. BALOGH )
    Plaintiff )
  )
V. )
  )
MARIETTE L. POIRIER, F/K/A )
MARIETTE L. BALOGH, and )
MASSACHUSETTS STATE )
CARPENTERS PENSION FUND )

NOTICE OF FILING OF REMOVAL OF DEFENDANT
MASSACHUSETTS STATE CARPENTERS PENSION FUND

To The Clerk of Courts:

Please take notice that on February 3, 2004 Defendant, Massachusetts State Carpenters Pension Fund filed a Notice of Removal, a copy of which is attached hereto in the United States District Court for the District of Massachusetts. This Court shall therefore proceed no further unless and until this case is remanded. 28 U.S.C. Section 1446(d).

                                            MASSACHUSETTS STATE CARPENTERS
                                            PENSION FUND
                                            By Its Attorney,

DATED: February 3, 2004

                                            James F. Grosso – BBO 213320
                                            O'Reilly, Grosso & Gross, P.C.
                                            1671 Worcester Road, Suite 205
                                            Framingham, MA 01701-5400
**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the Attorney of Record for each Party by mail-hand on.
                                            Tel: 508/620-0055
                                            Fax: 508/620-7655

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS | PROBATE AND FAMILY COURT<br>WORCESTER DIVISION<br>NO. 03E 0057-GC |

BELA F. BALOGH )
    Plaintiff )
)
V. )
)
MARIETTE L. POIRIER, F/K/A )
MARIETTE L. BALOGH, and )
MASSACHUSETTS STATE )
CARPENTERS PENSION FUND )

### NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL

TO:  Vincent Pusateri, Esquire
     Pusateri & Pusateri, P.C.
     128 Prichard Street
     Fitchburg, MA 10420

Please be advised that a Notice of Removal of the above-captioned matter from the Worcester Probate and Family Court to the United States District Court for the District of Massachusetts was filed this 3rd day of February, 2004 in the United States District Court for the District of Massachusetts. A copy of the Notice is attached.

MASSACHUSETTS STATE CARPENTERS
PENSION FUND
By Its Attorney,

DATED: February 3, 2004

_____
James R. Grosso – BBO 213320
O'Reilly, Grosso & Gross P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Tel: 508/620-0055
Fax: 508/620-7655

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the Attorney of Record for each Party by mail-hand-on

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET 04-40016

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BELA F. BALOGH

## DEFENDANTS
MARIETTE L. POIRIER, f/k/a MARIETTE L. BALOGH
MASSACHUSETTS STATE CARPENTERS PENSION FUND

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF: Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT: Worcester
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Vincent Pusateri
Pusateri & Pusateri, P.C.
128 Prichard Street
Fitchburg, MA 01420      978/342-6081

ATTORNEYS (IF KNOWN)
For Poirier - Jerold G. Paquette, 36 Lawrence Street, Gardner, MA 01440-2338 Tel:978/632-4894
For MSCPF - James F. Grosso, O'Reilly, Grosso & Gross, P.C., 1671 Worcester Rd., Framingham, MA
Tel: 508/620-0055                                         01701-5400

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **HABEAS CORPUS:** |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 240 Torts to Land |  / ☐ 535 Death Penalty |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☒ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This action is being removed from State Court because the issue includes Federal Law 29 USC §1001 et seq and the District Court has original jurisdiction pursuant to 28 USC §1331.

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES  ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE  N/A       DOCKET NUMBER

DATE
2/3/04

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04-40016

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Bela F. Balogh v. Mariette L. Poirier, f/k/a Mariette L. Balogh

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   No Related Cases

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐   NO ☒

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ☐   NO ☒
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐   NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ☐   NO ☒

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ☐   NO ☒

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☐   WESTERN DIVISION ☐

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION ☐   CENTRAL DIVISION ☒   WESTERN DIVISION ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   James F. Grosso
ADDRESS   O'Reilly, Grosso & Gross, P.C. 1671 Worcester Road, Suite 205, Framingham, MA 01701-5400
TELEPHONE NO.   508/620-0055

(Cover sheet local.wpd - 11/27/00)