# O'REILLY, GROSSO & GROSS, P.C.

### ATTORNEYS AT LAW
**1671 WORCESTER ROAD, SUITE 205**
**FRAMINGHAM, MA 01701-5400**

JOHN D. O'REILLY, III
JAMES F. GROSSO
KARL J. GROSS
STEPHEN L. ROSSETTI, JR.

(508) 620-0055
**Fax** (508) 620-7655

September 15, 2004

Ms. Lisa Roland, Docket Clerk
United States District Court for the District of Massachusetts
Harold D. Donohue Federal Building & Courthouse
595 Main Street
Worcester, Massachusetts   01608

Re:    Bela F. Balogh
       v.
       Mariette L. Poirier, f/k/a Mariette L. Balogh and
       Massachusetts State Carpenters Pension Fund
       Docket No. 04CV0016-FDS

Dear Ms. Roland:

Enclosed please find a certified copy of the Probate Court filings and the docket sheet in the above-described case as required by Local Rule 81.1.  Thank you for your cooperation.

Sincerely,

James F. Grosso

JFG/hh
Enclosures

CC:    Massachusetts State Carpenters Pension Fund
       Vincent Pusateri, Esquire
       Jerold G. Paquette, Esquire

# The Trial Court of Massachusetts, Probate and Family Department
## Worcester

| Case Name | | Docket Type | Cross Reference | Docket Number |
|---|---|---|---|---|
| Plaintiff: BELA F. BALOGH | | Equity | | 03E0057GC1 |
| Defendant: MARIETTE L. BALOGH | | | | |
| | | Case Type | | |
| | | General Complaint | | |

| Plaintiff | Attorney | Defendant | Attorney |
|---|---|---|---|
| BELA F. BALOGH<br>10 RIVER ROAD<br>14C<br>WINCHENDON, MA<br>01475 | VINCENT PUSATERI<br>128 PRICHARD STREET<br>FITCHBURG, MA<br>01420 | MARIETTE L. BALOGH | |

MASSACHUSETTS STATE CARPENTER

Summons Filed: ☑

Aff Disclosing Care & Custody: ☐   GAL Appointed: ☐   CCF: P ☐  R ☐  D ☐

| Event Date | Event No | Event Code | Document | Docket Date |
|---|---|---|---|---|
| 06/02/2003 | 1 | PTN | PETITION FOR COMPLAINT FOR DECLARATORY JUDGMENT | 06/02/2003 |
| 06/02/2003 | 2 | SUISS | TWO SUMMONS ISSUED | 06/02/2003 |
| 07/18/2003 | 3 | CMPAM | AMENDED COMPLAINT FOR DECLARATORY JUDGMENT . | 07/31/2003 |
| 08/25/2003 | 6 | ANS | JEROLD G. PAQUETTE, ESQ. 'S ANSWER TO AMENDED COMPLAINT OF THE PLAINTIFF FOR DECLARATORY JUDGMENT | 09/03/2003 |
| 08/28/2003 | 4 | SUFIL | SUMMONS FILED; SERVICE MADE 08/08/2003 | 08/28/2003 |
| 08/28/2003 | 5 | SUFIL | SUMMONS FILED; SERVICE MADE 08/13/2003 | 08/28/2003 |
| 12/10/2003 | 7 | M | VINCENT PUSATERI, ESQ. 'S MOTION FOR TO AMEND THE COMPLAINT IN ACCORDANCE WITH MASS. R.CIV.P.15 | 12/10/2003 |

| Event Date | Event No | Event Code | Document | Docket Date |
|---|---|---|---|---|
| 12/10/2003 | 8 | CTM | Motion, Contested scheduled on 1/7/04. | 12/10/2003 |
| 01/07/2004 | 9 | APPCNS | NOTICE OF APPEARANCE OF GINA M. WILSON, ESQ., COUNSEL FOR BELA F. BALOGH | 02/05/2004 |
| 01/07/2004 | 10 | ORMALL | MOTION FOR AMEND THE COMPLAINT IN ACCORDANCE WITH MASS.R.CIV.P. 15 ALLOWED. RONALD W. KING , J.   ATTYS/PTYS ND 01/13/2004 | 02/05/2004 |
| 01/07/2004 | 11 | J | JUDGMENT DATED 01/07/2004 ON TO AMEND THE COMPLAINT . RONALD W. KING , J. ATTYS/PTYS ND. 01/13/2004 | 02/05/2004 |
| 02/06/2004 | 12 | NTC | NOTICE OF FILING OF REMOVAL OF DEFENDANT MASSACHUSETTS STATE CARPENTERS PENSION FUND, FILED BY JAMES F. GROSSO, ESQ. | 02/09/2004 |

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE AND FAMILY COURT
WORCESTER DIVISION
NO. 03E 0057-GC

BELA F. BALOGH )
    Plaintiff )
    )
V. )
    )
MARIETTE L. POIRIER, F/K/A )
MARIETTE L. BALOGH, and )
MASSACHUSETTS STATE )
CARPENTERS PENSION FUND )

## NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL

TO:   Vincent Pusateri, Esquire
       Pusateri & Pusateri, P.C.
       128 Prichard Street
       Fitchburg, MA 10420

Please be advised that a Notice of Removal of the above-captioned matter from the

Worcester Probate and Family Court to the United States District Court for the District of

Massachusetts was filed this 3rd day of February, 2004 in the United States District Court for the

District of Massachusetts. A copy of the Notice is attached.

MASSACHUSETTS STATE CARPENTERS
PENSION FUND
By Its Attorney,

DATED: February 3, 2004

James R. Grosso – BBO 213320
O'Reilly, Grosso & Gross P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Tel: 508/620-0055
Fax: 508/620-7655

CERTIFICATE OF SERVICE
I hereby certify that on this day a true
copy of the above document was served
upon the Attorney of Record for each Party
by mail-hand-on

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE & FAMILY
COURT DEPT.

NO.  03E 0057-GC

BELA F. BALOGH,
     Plaintiff

v.

MARIETTE L. POIRIER, F/K/A
MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
     Defendants

## JUDGMENT

After a hearing, Plaintiff's Motion to Amend the Complaint in Accordance with

Mass.R.Viv.P. 15 is hereby allowed.

1-7-04

_____
Justice of the Probate Court

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE AND FAMILY COURT
WORCESTER DIVISION
NO. 03E 0057-GC

BELA F. BALOGH            )
    Plaintiff            )
               )
V.                        )
               )
MARIETTE L. POIRIER, F/K/A    )
MARIETTE L. BALOGH, and    )
MASSACHUSETTS STATE       )
CARPENTERS PENSION FUND    )

*Filed 2/6/04*

### NOTICE OF FILING OF REMOVAL OF DEFENDANT
### MASSACHUSETTS STATE CARPENTERS PENSION FUND

To The Clerk of Courts:

Please take notice that on February 3, 2004 Defendant, Massachusetts State Carpenters

Pension Fund filed a Notice of Removal, a copy of which is attached hereto in the United States

District Court for the District of Massachusetts. This Court shall therefore proceed no further

unless and until this case is remanded. 28 U.S.C. Section 1446(d).

MASSACHUSETTS STATE CARPENTERS
PENSION FUND
By Its Attorney,

DATED:  February 3, 2004

James F. Grosso – BBO 213320
O'Reilly, Grosso & Gross, P.C.
1671 Worcester Road, Suite 205
Framingham, MA 01701-5400
Tel:  508/620-0055
Fax: 508/620-7655

CERTIFICATE OF SERVICE
I hereby certify that on this day a true
copy of the above document was served
upon the Attorney of Record for each Party
by mail-hand on.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE & FAMILY
COURT DEPT.

NO.  03E 0057-GC

---

BELA F. BALOGH,
     Plaintiff

v.

MARIETTE L. POIRIER, F/K/A
MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
     Defendants

---

### SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Jurisdiction is conferred upon this court under M.G.L. ch. 215 s.6 and ch. 231A s. 1.

1.    On or about February 1, 1992, Plaintiff married Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh.

2.    On or about March 17, 1993 the plaintiff filed a pension application with the Massachusetts State Carpenters Pension Fund (hereinafter " Pension Fund"), a copy of which is annexed and marked Exhibit A.

3.    When filling out the pension application, Plaintiff met with a representative of Defendant, Pension Fund.

4.    When filling out the pension application, Plaintiff chose to receive his pension benefits in the form of a 75% Participant-Spouse Benefit.

5.    At the time the pension application was made, Plaintiff was still married to Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh.

6.    On or about September 22, 2000, Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh filed a Complaint for Divorce against Plaintiff which is annexed and marked Exhibit B.

7.    On or about August 13, 2002, the divorce became final (See Judgment annexed and marked Exhibit C).

8. After the divorce, Plaintiff attempted to remove Defendant Mariette L. Poirier, f/k/a Mariette L. Balogh from the position of beneficiary of his pension without changing the benefit payments to himself or his beneficiary.

9. Defendant, Pension Fund, refused Plaintiff's request.

10. Plaintiff asserts and claims that his pension is his property right and that Defendant, Pension Fund, has no absolute right to refuse his request to change the beneficiary of his pension plan when said change has no effect on it, and defendant disputes this and claims the right to refuse to change the beneficiary as set forth in a letter, a copy of which is annexed and marked Exhibit D.

11. Unless the rights of the plaintiff and the defendant Pension Fund regarding the right of Plaintiff to change the beneficiary of his pension plan, the plaintiff will continue to suffer irreparable loss and damage by the loss of pension benefits, and plaintiff further desires to avoid litigation and seeks in this action a judicial determination of Plaintiff's and Defendant Pension Fund's rights regarding Plaintiff's right to change the beneficiary of his pension plan so as to guide them as to their future conduct regarding the same.

12. Plaintiff has no adequate remedy at law.

*WHEREFORE*, plaintiff demands judgment:

I. That Plaintiff have a declaratory judgment herein, pursuant to M.G.L.A. ch. 231A, determining his right to change the beneficiary of his pension plan and specifying that he is entitled to change the beneficiary of his pension plan;

II. That the defendant is enjoined from preventing Plaintiff from changing the beneficiary of his pension plan.

III. For costs.

RESPECTFULLY SUBMITTED
Béla F. Balogh
By His Attorney,

Vincent Pusateri, Esquire
PUSATERI & PUSATERI, P.C.
128 Prichard Street
Fitchburg, MA  01420
Tel. (978) 342-6081
BBO No.: 408120

DATED: December 9, 2003

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE & FAMILY
COURT DEPT.

NO.

BELA F. BALOGH,
        Plaintiff

v.

MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
        Defendants

## COMPLAINT FOR DECLARATORY JUDGMENT

Jurisdiction is conferred upon this court under M.G.L. ch. 215 s.6 and ch. 231A s. 1.

1.     On or about February 1, 1992, Plaintiff married Defendant, Mariette L. Balogh.

2.     On or about March 17, 2003 the plaintiff filed a pension application with the
       Massachusetts State Carpenters Pension Fund (hereinafter " Pension Fund"), a
       copy of which is annexed and marked Exhibit A.

3.     When filling out the pension application, Plaintiff met with a representative of
       Defendant, Pension Fund.

4.     When filling out the pension application, Plaintiff chose to receive his pension
       benefits in the form of a 75% Participant-Spouse Benefit.

5.     At the time the pension application was made, Plaintiff was still married to
       Defendant, Mariette L. Balogh.

6.     On or about September 22, 2000, Defendant, Mariette L. Balogh filed a
       Complaint for Divorce against Plaintiff which is annexed and marked Exhibit B.

7.     On or about August 13, 2002, the divorce became final (See Judgment annexed
       and marked Exhibit C).

8.     After the divorce, Plaintiff attempted to remove Defendant Marriette L. Balogh
       from the position of beneficiary of his pension without changing the benefit
       payments to himself or his beneficiary.

9. Defendant, Pension Fund, refused Plaintiff's request.

10. Plaintiff asserts and claims that his pension is his property right and that Defendant, Pension Fund, has no absolute right to refuse his request to change the beneficiary of his pension plan when said change has no effect on it, and defendant disputes this and claims the right to refuse to change the beneficiary as set forth in a letter, a copy of which is annexed and marked Exhibit D.

11. Unless the rights of the plaintiff and the defendant Pension Fund regarding the right of Plaintiff to change the beneficiary of his pension plan, the plaintiff will continue to suffer irreparable loss and damage by the loss of pension benefits, and plaintiff further desires to avoid litigation and seeks in this action a judicial determination of Plaintiff's and Defendant Pension Fund's rights regarding Plaintiff's right to change the beneficiary of his pension plan so as to guide them as to their future conduct regarding the same.

12. Plaintiff has no adequate remedy at law.

*WHEREFORE*, plaintiff demands judgment:

I. That Plaintiff have a declaratory judgment herein, pursuant to M.G.L.A. ch. 231A, determining his right to change the beneficiary of his pension plan and specifying that he is entitled to change the beneficiary of his pension plan;

II. That the defendant is enjoined from preventing Plaintiff from changing the beneficiary of his pension plan.

III. For costs.

RESPECTFULLY SUBMITTED
Bela F. Balogh
By His Attorney,

Vincent Pusateri, Esquire
PUSATERI & PUSATERI, P.C.
128 Prichard Street
Fitchburg, MA  01420
Tel. (978) 342-6081
BBO No.:

Commonwealth of Massachusetts
Probate and Family Court Department
Probate & Family Court

Worcester, ss.

#3E0057-GC

Bela F. Balogh, Plaintiff

*True. Aug 25, 2013*

v.

Mariette L. Poirier,
fka Mariette L. Balogh and
Massachusetts State Carpenters Pension Fund, Defendant

## Answer to Amended Complaint of the Plaintiff for Declaratory Judgment

1. Defendant denies that jurisdiction is conferred upon this court under MGL 215 section 6 and/or chapter 231 A section 1. However she admits that the plaintiff married the defendant Marriette L. Poirier, fka Marriette L. Balogh on February 1, 1992.

2. Your defendant denies that on or about March 17, 2003 that the plaintiff filed a pension application with the Massachusetts State Carpenters Pension Fund.

3. Your defendant can neither admit nor deny that when filling out any alleged Pension applications that the plaintiff met with any representative of the defendant Massachusetts State Carpenters Pension Fund.

4. Your defendant admits.

5. Your defendant admits.

6. Your defendant admits.

7. Your defendant admits.

8. Your defendant can neither admit nor deny and calls upon the plaintiff to prove same.

9. Your defendant can neither admit nor deny and calls upon the plaintiff to prove same.

10. Your defendant denies.



1

11. Your defendant denies.

12. Your defendant denies.

Wherefore your defendant Mariette L. Poirier, fka Mariette L. Balough requests that your honorable court

1. dismiss the plaintiff's Complaint for Declaratory Judgment.
2. The defendant Mariette L. Poirier, fka Mariette L. Balough has, by virtue of the plaintiff's groundless action for declaratory judgment incurred counsel fees and will continue to incur counsel fees in her defense of the suit of the plaintiff and as a result thereof your defendant Mariette L. Poirier, fka Mariette L. Balough requests this honorable court, at a future occasion on a Motion for counsel fees, fix and determine the counsel fees incurred by her in the defense of this action.
3. Also, she requests this honorable court to award her costs in the defense of this action.

Respectfully submitted,

Jerold G. Paquette, Attorney
for Mariette L. Poirier, fka
Mariette L. Balough
36 Lawrence Street
Gardner, MA 01440
(978) 632-4894
BBO 388960
Date: aug. 21, 2003

## Affirmative defenses

First Affirmative Defense:

Some or all of the plaintiff's claims are barred in whole or, in part by the applicable statutes of limitations.

2

Second Affirmative Defense:

Some or all of the plaintiff's claims are barred in whole or, in part by the statute of frauds.

Third Affirmative Defense:

The plaintiff's claims are barred in whole or, in part by his own negligence.

Fourth Affirmative Defense:

The plaintiff's claims are barred in whole or, in part by his own fully contracted agreement.

Fifth Affirmative Defense:

The plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted. Under the asserted jurisdiction of this court, your plaintiff having an adequate remedy at law, and thus asserting the jurisdiction of this court, under a declaratory judgment (equity) is false and an erroneous claim of this courts jurisdiction.

Sixth Affirmative Defense:

The plaintiff's claims are barred by the doctrines of estoppel and waiver.

Seventh Affirmative Defense:

The plaintiff's claims are barred under the Employee Retirement and Income Security Act of 1974, as amended.

Eighth Affirmative Defense:

Some or all of the plaintiff's claims are barred by 12 USC section 1921 (k).

Ninth Affirmative Defense:

The plaintiff's claim is barred by reason of this courts' lack of jurisdiction over the subject matter.

Tenth Affirmative Defense:

The plaintiff's claim is barred by reason of this court having lack of jurisdiction over the defendant, Mariette L. Poirier, fka Mariette L. Balough.

Eleventh Affirmative Defense:

The plaintiff's claim is barred by reason of the court having lack of process and service of process over the defendant, Mariette L. Poirier, fka Mariette L. Balough.

Twelfth Affirmative Defense:

The within action, being an action properly at law, rather than an action of equity, your defendant, Mariette L. Poirier, fka Mariette L. Balough, demands a trial by jury.

Respectfully submitted,

Jerold G. Paquette, Attorney
for Mariette L. Poirier, fka
Mariette L. Balogh
36 Lawrence Street
Gardner, MA 01440
(978) 632-4894
BBO 388960
Date: aug. 21, 2013

## CERTIFICATE OF SERVICE

On this 21th day of August, 2003 I mailed the original of this Answer with Affirmative Defenses to the Worcester County Probate Court 2 Main St. Worcester, MA 01608, by first class mail, postage prepaid and mailed a copy thereof to Vincent Pusateri, Esq., attorney for the plaintiff to 128 Prichard Street, Fitchburg, Massachusetts 01420, and to Massachusetts State Carpenter's Pension Fund, 350 Fordham Road, Suite 1, Wilmington, MA 01887, by first class mail, postage prepaid.

Jerold G. Paquette

4

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE & FAMILY
COURT DEPT.

NO. *03E00576C1*

BELA F. BALOGH,
     Plaintiff

*Filed June 2, 2003*
*(5-6-03)*

v.

MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
     Defendants

## COMPLAINT FOR DECLARATORY JUDGMENT

Jurisdiction is conferred upon this court under M.G.L. ch. 215 s.6 and ch. 231A s. 1.

1.    On or about February 1, 1992, Plaintiff married Defendant, Mariette L. Balogh.

2.    On or about March 17, 2003 the plaintiff filed a pension application with the Massachusetts State Carpenters Pension Fund (hereinafter " Pension Fund"), a copy of which is annexed and marked Exhibit A.

3.    When filling out the pension application, Plaintiff met with a representative of Defendant, Pension Fund.

4.    When filling out the pension application, Plaintiff chose to receive his pension benefits in the form of a 75% Participant-Spouse Benefit.

5.    At the time the pension application was made, Plaintiff was still married to Defendant, Mariette L. Balogh.

6.    On or about September 22, 2000, Defendant, Mariette L. Balogh filed a Complaint for Divorce against Plaintiff which is annexed and marked Exhibit B.

7.    On or about August 13, 2002, the divorce became final (See Judgment annexed and marked Exhibit C).

8.    After the divorce, Plaintiff attempted to remove Defendant Marriette L. Balogh from the position of beneficiary of his pension without changing the benefit payments to himself or his beneficiary.

9.     Defendant, Pension Fund, refused Plaintiff's request.

10.     Plaintiff asserts and claims that his pension is his property right and that Defendant, Pension Fund, has no absolute right to refuse his request to change the beneficiary of his pension plan when said change has no effect on it, and defendant disputes this and claims the right to refuse to change the beneficiary as set forth in a letter, a copy of which is annexed and marked Exhibit D.

11.     Unless the rights of the plaintiff and the defendant Pension Fund regarding the right of Plaintiff to change the beneficiary of his pension plan, the plaintiff will continue to suffer irreparable loss and damage by the loss of pension benefits, and plaintiff further desires to avoid litigation and seeks in this action a judicial determination of Plaintiff's and Defendant Pension Fund's rights regarding Plaintiff's right to change the beneficiary of his pension plan so as to guide them as to their future conduct regarding the same.

12.     Plaintiff has no adequate remedy at law.

*WHEREFORE*, plaintiff demands judgment:

I.     That Plaintiff have a declaratory judgment herein, pursuant to M.G.L.A. ch. 231A, determining his right to change the beneficiary of his pension plan and specifying that he is entitled to change the beneficiary of his pension plan;

II.     That the defendant is enjoined from preventing Plaintiff from changing the beneficiary of his pension plan.

III.     For costs.

RESPECTFULLY SUBMITTED
Bela F. Balogh
By His Attorney,


Vincent Pusateri, Esquire
PUSATERI & PUSATERI, P.C.
128 Prichard Street
Fitchburg, MA 01420
Tel. (978) 342-6081
BBO No.: 408120

EXHIBIT A

# Massachusetts State Carpenters Pension Fund

350 FORDHAM ROAD  •  SUITE ONE  •  WILMINGTON, MASSACHUSETTS 01887
TELEPHONE: (508) 694-1000

## PENSION APPLICATION

| Office Use Only (BH) |
|---|
| Application # ....... *6768* |
| Type ....... *Early* |
| Effective Date ....... *4-1-93* |
| Amount $ ....... *1222.58* |
| Option ....... *75% PS* |
| Lump Sum ....... *3,000.00* |
| Check # ............. Date ........ |

TO THE BOARD OF TRUSTEES:

1. Name  *Balogh*          *Béla*          *F.*
   <sub>Last</sub>            <sub>First</sub>            <sub>Middle</sub>

2. Address  *68*      *Keyes Rd.*
   <sub>Number</sub>        <sub>Street</sub>

   City  *Gardner*    State *MA.* Zip *01440* Telephone *(508) 632-0966*
   <sub>Area Code</sub>

3. Social Security No.  *216 38 6829*  Date of Birth  *3-9-38*
   **(Attach Proof)**

4. Marital Status:  Single ☐   Married ☐   Widowed ☐   Divorced ☒   Re-Married ☒

**NOTE:** If your marital status is divorced, you must check the box marked Divorced and forward copies
of your Divorce Decree and ALL DOCUMENTS FILED WITH YOUR DECREE.

**COMPLETE THE ENCLOSED FORM IF YOU WISH YOUR MONTHLY
PAYMENT ELECTRONICALLY DEPOSITED TO YOUR BANK**

Name of Spouse *Mariette L. Balogh* Social Security No. *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*

Date of Birth *5-2-38* Date of Marriage *2-1-92*

## COMPLETE (i) AND (ii) BELOW, IF YOU ARE NOT MARRIED OR IF YOU DO NOT WISH TO NAME YOUR SPOUSE AS BENEFICIARY

(i) Name of Beneficiary _____ Social Security No. _____

| | | | |
|---|---|---|---|
| Street | City | State | Zip Code |

Date of Birth _____ Relationship _____

(ii) Name of Beneficiary _____ Social Security No. _____

| | | | |
|---|---|---|---|
| Street | City | State | Zip Code |

Date of Birth _____ Relationship _____

5. Date of Last Initiation into the United Brotherhood  *7-16-69*

5. a. Present Local Union  *1121*

6. Were you a member of your present Local Union on June 1, 1962?    Yes ☐    No ☐

If "No," Please state, (a) Local Union # cleared into _____ (b) Date cleared _____

(c) Local transferred from _____ State _____

7. Type of Pension: If eligible, I wish to retire on a (check one)

Regular Pension ☐    Early Retirement Pension ☒    Disability Pension ☐    Vested ☐    Pro Rata ☐

Service Pension ☐ (No age requirement, 30 or more pension credits worked in Massachusetts)

## IF YOU ARE APPLYING FOR A DISABILITY PENSION, COMPLETE THE FOLLOWING

(a) Have you applied for a Social Security Disability Award?    Yes ☐    No ☐

(b) If "Yes," have you received a decision?    Yes ☐    No ☐

(c) If "Yes," has it been approved or rejected?    Approved ☐    Rejected ☐

## IF IT HAS BEEN APPROVED, PLEASE FORWARD A COPY OF THE AWARD CERTIFICATE, INDICATING YOUR DATE OF ENTITLEMENT FROM SOCIAL SECURITY

8. Have you ever collected a pension from this office?    Yes ☐    No ☒

9. Participant-Spouse Benefit –– If you are married, you MUST check either 1, 2 or 3. IF THIS PORTION OF YOUR APPLICATION IS NOT COMPLETED, THE APPLICATION WILL BE RETURNED TO YOU. This could delay the effective date of your pension. Your election may not be changed after the effective date of your pension.

  (1)  ☐  I DO NOT WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit.

*(2)  ☑  I DO WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit.

  (3)  ☐  I MAY WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit. Please let me know the amount of the pension benefit payable under the 75% Participant-Spouse Benefit.

B. If you have checked 9(1) above, and do not elect 10c below, **100% Participant-Spouse Option,** you and your spouse must complete the enclosed Participant Statement before your pension application can be considered.

✓ *Bela F. Balogh*  ✓ *3-17-93*
       Signature of Applicant                   Date

✓ *Mariette F. Balogh*  ✓ *3-17-93*
       Signture of Spouse                    Date

10. OPTIONS UNDER THE PLAN:
If you DO NOT elect to receive benefits in the form of a **75% Participant-Spouse,** 9(1) above, you may elect one of the following options:

  a.  ☐  Ten Year Certain Option

  b.  ☐  Joint & Survivor   ☐ 50%   ☐ 75%   ☐ 100%

*c.  ☐  100% **Participant-Spouse** Option

**PLEASE FORWARD A COPY OF YOUR MARRIAGE CERTIFICATE AND SPOUSE'S BIRTH CERTIFICATE, IF YOU CHOOSE A SPOUSE'S BENEFIT**

If you DO NOT elect a 75% Participant-Spouse Benefit, or any of the ABOVE options and die prior to collecting 60 payments, your spouse or beneficiary will receive the remaining payments in the same monthly amount.

*If, before you have collected 24 pension payments, and you have elected the 75% or 100% Participant-Spouse Option, your spouse dies, or you are divorced and are not required to continue pension payments to your spouse under a (QUADRO) Qualified Domestic Relations Order, your benefit will be increased to the amount you would have received had you elected a lifetime pension option. To receive this increase in your pension, you must notify this office by forwarding a copy of the DEATH CERTIFICATE or a copy of the DIVORCE DECREE AND ALL DOCUMENTS FILED WITH THE DECREE.

11  You may also elect to receive a one-time lump sum Readjustment Allowance of 10% but not to exceed $3,000.00. You **ARE NOT** eligible to elect this payment if you are applying for a **DISABILITY PENSION.**

☑ I DO wish to elect a ONE-TIME READJUSTMENT ALLOWANCE.

☐ I DO NOT WISH to elect a ONE-TIME READJUSTMENT ALLOWANCE.

If you elect the One Time Readjustment Allowance, and do not request a rollover, this office must withhold 20% Federal Tax and 5.95% State tax, from your payment. If your residence is outside Massachusetts, State tax will not be withheld.

**Note: The Election/Rejection of Direct Rollover portion of this application, must be completed. Failure to complete this portion will result in a delay of your pension application.**

# ELECTION OR REJECTION OF DIRECT ROLLOVER
# TO AN IRA OR RETIREMENT PLAN

If you receive part of your benefit as a **Lump Sum**, you may elect to have part or all of that distribution transferred directly to an Individual Retirement Account (IRA) or to another qualified retirement plan (if it accepts rollovers). If you choose not to have that distribution transferred directly to an IRA or other retirement plan, the Plan is required to withhold 20 percent of the payment for federal income taxes and 5.95 percent for state income taxes. This withholding does not increase your taxes, but will be credited against any income tax you owe.

For further information on direct rollovers and withholding, please read the enclosed Special Tax Notice Regarding Plan Payments. You also may wish to consult your tax advisor before making this decision.

You may choose to have only part of the payment directly rolled over, and to have the rest paid to you. Withholding will be taken out of any part that is not directly rolled over. If you want to have only part of your payment directly rolled over, please tell us the amount (at least $500) that you would like to roll over.

Check below to indicate whether or not you elect a direct rollover of your lump sum re-adjustment allowance:

_____✓_____  **I do not** want to roll over any of my lump sum payment to an IRA or other qualified retirement plan. Pay me the full amount of my benefits, after withholding 20 percent for federal income tax as required by law and 5.95 percent state income tax.

✓ *Bela F Balogh*                          ✓ 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
Name (please print)                         Social Security Number

✓ *Bela F Balogh*                          ✓ 3-17-93
Signature                                    Date

_____  I want to roll over my lump sum payment directly to an IRA or other qualified retirement plan that accepts rollovers. The IRA or other retirement plan is named on the reverse side.

_____ I would like to have only **part** of my payment directly rolled over. Please roll over $_____ to the IRA or qualified retirement plan named below, and pay the remainder of my benefit to me, after withholding 20 percent for federal income taxes as required by law and 5.95 percent state income tax.

_____          _____
Name (please print)                                          Social Security Number

_____          _____
Signature                                                    Date

# TO ELECT A DIRECT ROLLOVER
## YOU MUST PROVIDE ALL OF THE FOLLOWING INFORMATION

Please make payment of my benefit on my behalf to:

_____          _____
Name of IRA Trustee or Qualified Retirement Plan                 Account Number

_____
Mailing Address

_____

_____

# CERTIFICATION

I certify that the recipient of a direct rollover that I have named above is an Individual Retirement Account, an Individual Retirement Annuity, or a qualified retirement plan that accepts rollovers. I understand that payment of my benefits to the trustee of the IRA or qualified retirement plan will release the Trustees of the Massachusetts State Carpenters Pension Plan from any further obligations or responsibilities with respect to the benefits so paid.

_____          _____
Name (please print)                                          Social Security Number

_____          _____
Signature                                                    Date

**NOTE:** If you elected a direct rollover of your Lump Sum readjustment, the completed Authorization/Transfer form must be returned with your application, or, as soon as possible, or payment will be made to *you,* after deducting the legally required withholding.

12. My last date of employment was or will be ___ *11* _____ *92*

                                            Month                 Day              Year

13. Last Employer *C.R.I.M.*

*3 / 17 – 93*                  *Bela F Balogh*

      Date                                         Signature of Applicant

## TO BE COMPLETED BY YOUR FINANCIAL SECRETARY

I hereby certify that the above employee's last date of initiation into the United Brotherhood was_____

                                                                                        Month   Day   Year

I further certify that the above employee was a member of this Local Union on June 1, 1962. If clearance card

deposited or granted after June 1, 1962, please show date received_____also Local Union #_____
from which man transferred to your Local Union.

 

AFFIX

UNION

SEAL

_____

                             Signature of Financial Secretary

L.U. # _____ Date _____