# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## PROBATE AND FAMILY COURT DEPARTMENT

**WORCESTER DIVISION**                                            **DOCKET #**

### COMPLAINT FOR DIVORCE

**MARIETTE L. BALOGH**_____ , PLAINTIFF

v.

**BELA F. BALOGH**_____ , DEFENDANT

1.  Plaintiff, who resides at <u>10 River Road, 14C, Winchendon, Massachusetts  01475</u>, is lawfully married to Defendant, who now resides at <u>10 River Road, 14C, Winchendon, Massachusetts  01475</u>.

2.  The parties were married at <u>Gardner, Massachusetts</u>, on <u>February 1, 1992</u>, and last lived together at <u>Winchendon, Massachusetts</u>, on <u>May 29, 2000</u>.

3.  The minor child of this marriage and date of birth is:

    _____None_____          _____

    _____          _____

4.  Plaintiff certifies that no previous action for divorce, annulling or affirming marriage, separate support, desertion, living apart for justifiable cause, or custody of            has been brought by either party against the other except: <u>None</u>.

5.  On or about <u>May 29, 2000</u>, Defendant <u>was guilty of Cruel and Abusive Treatment toward the Plaintiff as well as on diverse other times and occassions and/or the parties experienced an irretrievable breakdown of the marriage uner M.G.L. Ch. 208, Section 1B</u>.

6.  Wherefore, Plaintiff requests that the Court:

    ☒ grant a divorce for <u>Irretrievable Breakdown and/or Cruel and Abusive Treatment</u>.
    ☒ prohibit Defendant from imposing any restraint on Plaintiff's personal liberty.
    ☒ <u>order a suitable amount of support of Plaintiff.</u>
    ☐ order conveyance of the real estate located at _____, standing in the name(s) of ____, as recorded with ___ Registry of Deeds, Book _____, Page _____.
    ☐ allow Plaintiff to resume her former name of _____.
    ☒ <u>order an equitable distribution of the marital assets.</u>

Dated:                                        _____
                                              Douglas L. Burwick
                                              Attorney for Plaintiff
                                              90 Main Street
                                              Leominster, MA  01453
                                              BBO #067340

                                              Telephone:      (978) 537-3333
                                              Telefax:        (    )

CJ-D 101 (6/90)                                                          c.g f. / LRAM

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT

**WORCESTER, S.S.**                                    **DOCKET NO. 00DR2080-DV1**

MARIETTE L. BALOGH,
Plaintiff

Vs.

BELA F. BALOGH,
Defendant

## JUDGMENT
### (On Complaint for Divorce filed September 12, 2000)

All persons having been notified in accordance with law and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted said Plaintiff for the cause of irretrievable breakdown as provided by G.L. c. 208, § 1B and that upon expiation of three months from the entry of this judgment it shall become absolute unless upon the application of any person within such period, the court shall otherwise order, and it is further ordered that:

1.  Each party shall retain all items of personal property, real estate and intangible property including bank accounts standing in their individual name.  Husband shall retain all monies in his Fleet Bank Account No. 266-74955, free from any claim of the Wife.

2.  Neither party shall pay alimony to the other party.

3.  Each party shall be responsible for their own medical and dental expenses.

4.  The Wife shall be allowed to resume her former name of Poirier.

5-14-02
Date

ABSOLUTE: August 13, 2002

_____
Joseph Lian, Jr., First Justice
Worcester Probate and Family Court



# MASSACHUSETTS STATE CARPENTERS PENSION FUND

350 FORDHAM ROAD • SUITE ONE • WILMINGTON, MASSACHUSETTS 01887-2161

TELEPHONE  (978) 694-1000                                          FAX (978) 657-6619

*May 21, 2002*


*Vincent Pusateri, Esquire*
*128 Prichard Street*
*Fitchburg, MA  01420*

*Re:    Bela Balogh*

*Dear Attorney Pusateri:*

*This will acknowledge receipt of your letter dated May 20, 2002 regarding Mr. Bela Balogh's pension.*

*As stated in your conversation with this office, a Participant Spouse Pension, once payable, may not be revoked unless either the Pensioner or the spouse files for divorce within 24 months after the Participant's Pension Starting date.*

*Mr. Balogh's pension effective date was April 1, 1993.  Accordingly, as neither filed for divorce within the 24 months after April 1, 1993, the Participant Spouse Option cannot be revoked.*

*Please refer to the enclosed Page 20, Participant Spouse Pension, Section 5.03 (e) and (h) of the Plan Document.*

*If you have any questions, please contact this office.*

*Sincerely,*

*Harry R. Dow*
*Executive Director*

*HRD: bac*

*Enclosures*



COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE & FAMILY
COURT DEPT.

NO. 03E 0057-GC

BELA F. BALOGH,
    Plaintiff

v.

MARIETTE L. POIRIER, F/K/A
MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
    Defendants

## JUDGMENT

After a hearing, Plaintiff's Motion to Amend the Complaint in Accordance with

Mass.R.Viv.P. 15 is hereby allowed.

1-7-04

Justice of the Probate Court

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE & FAMILY
COURT DEPT.

NO. 03E 0057-GC

*(Thurs: Dec 10. 2003*

---

BELA F. BALOGH,
    Plaintiff

v.

MARIETTE L. POIRIER, F/K/A
MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
    Defendants

---

PLAINTIFF'S MOTION TO AMEND THE COMPLAINT
IN ACCORDANCE WITH MASS.R.CIV.P. 15

*NOW COMES THE PLAINTIFF* in the above captioned matter and moves this

Honorable Court to allow him to amend the Amended Complaint filed on or about July

15, 2003.

*FOR REASON SAYS* Paragraph two of said Complaint reads "On or about March

17, *2003* (emphasis supplied) the plaintiff filed a pension application with the

Massachusetts State Carpenters Pension Fund (hereinafter "Pension Fund"), a copy of

which is annexed and marked Exhibit A." However, said paragraph should read "On or

about March 17, *1993* (emphasis supplied) the plaintiff filed a pension application with

the Massachusetts State Carpenters Pension Fund (hereinafter "Pension Fund"), a copy of

which is annexed and marked Exhibit A."

1-7                    20 0 4
MOTION ALLOWED-~~DENIED~~

JUDGE OF PROBATE COURT

1

Respectfully submitted

Bela Belogh
By His Attorney,

Vincent Pusateri, Esq.
PUSATERI & PUSATERI, P.C.
128 Prichard Street
Fitchburg, MA  01420
Tel. 978-342-6081
Fax: 978-343-0600
BBO No.:  408120

Date:  12/9/2003

2

## NOTICE OF MOTION

TO:    Jerold G. Paquette, Esq.
       Aaron D. Krakow, Esq.


Please take notice that the undersigned will bring the attached notion on for a hearing before this court at Fitchburg on Wednesday, January 7, 2003 at 10:00 a.m., or as soon thereafter as counsel can be heard.


## CERTIFICATE OF SERVICE

I hereby certify that I served a true copy of said Motion and Amended Complaint upon Defendants' counsel, Jerold G. Paquette, Esq., at 36 Lawrence Street, Gardner, MA 01440; and Aaron D. Krakow, Esq., at Krakow & Souris, LLC, 225 Friend Street, Boston, MA  02114, by first class mail and postage prepaid this $\mathcal{O}$ day of December, 2003.

Vincent Pusateri

COMMONWEALTH OF MASSACHUSETTS    *Filed 8/28/03*

PROBATE COURT
No. 03E 0057-GC

Worcester, _____ ss.

BELA F. BALOGH _____ Plaintiff

v.

Summons

MARIETTE L. POIRIER, F/K/A MARIETTE L. BALOGH and
MASSACHUSETTS STATE _____ Defendants
CARPENTERS PENSION FUND

**To the above-named Defendant:** Massachusetts State Carpenters Pension Fund

You are hereby summoned and required to serve upon _Vincent Pusateri, Esq.,_ ____
plaintiff's attorney, whose address is _128 Prichard Street, Fitchburg, MA 01420_ ____,
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you. You are also required to file your answer to the complaint in the office of the Register
of this Court at _____ Worcester _____ either before service upon plaintiff's attor-
ney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), Mass. R. Civ. P., your answer must state as a
counterclaim any claim which you may have against the plaintiff which arises out of the transaction
or occurrence that is the subject matter of plaintiff's claim or you will thereafter be barred from
making such claim in any other action.

Witness _____ Joseph Lian, Jr. _____, Esquire, First Judge
of said Court at _____ Worcester _____

_____ July 22, _____ 20 03

*[signature]*
**Register of Probate**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Register's Office at Probate Court, 2 Main Street, Worcester, MA 01608

CJ 210   (1/76

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

PROBATE & FAMILY
COURT DEPT.

NO.  03E 0057-GC

BELA F. BALOGH,
    Plaintiff

*filed July 18, 2003*

v.

MARIETTE L. POIRIER, F/K/A
MARIETTE L. BALOGH, and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND,
    Defendants

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Jurisdiction is conferred upon this court under M.G.L. ch. 215 s.6 and ch. 231A s. 1.

1.     On or about February 1, 1992, Plaintiff married Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh.

2.     On or about March 17, 2003 the plaintiff filed a pension application with the Massachusetts State Carpenters Pension Fund (hereinafter " Pension Fund"), a copy of which is annexed and marked Exhibit A.

3.     When filling out the pension application, Plaintiff met with a representative of Defendant, Pension Fund.

4.     When filling out the pension application, Plaintiff chose to receive his pension benefits in the form of a 75% Participant-Spouse Benefit.

5.     At the time the pension application was made, Plaintiff was still married to Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh.

6.     On or about September 22, 2000, Defendant, Mariette L. Poirier, f/k/a Mariette L. Balogh filed a Complaint for Divorce against Plaintiff which is annexed and marked Exhibit B.

7.     On or about August 13, 2002, the divorce became final (See Judgment annexed and marked Exhibit C).

8.   After the divorce, Plaintiff attempted to remove Defendant Mariette L. Poirier, f/k/a Mariette L. Balogh from the position of beneficiary of his pension without changing the benefit payments to himself or his beneficiary.

9.   Defendant, Pension Fund, refused Plaintiff's request.

10.   Plaintiff asserts and claims that his pension is his property right and that Defendant, Pension Fund, has no absolute right to refuse his request to change the beneficiary of his pension plan when said change has no effect on it, and defendant disputes this and claims the right to refuse to change the beneficiary as set forth in a letter, a copy of which is annexed and marked Exhibit D.

11.   Unless the rights of the plaintiff and the defendant Pension Fund regarding the right of Plaintiff to change the beneficiary of his pension plan, the plaintiff will continue to suffer irreparable loss and damage by the loss of pension benefits, and plaintiff further desires to avoid litigation and seeks in this action a judicial determination of Plaintiff's and Defendant Pension Fund's rights regarding Plaintiff's right to change the beneficiary of his pension plan so as to guide them as to their future conduct regarding the same.

12.   Plaintiff has no adequate remedy at law.

*WHEREFORE*, plaintiff demands judgment:

I.   That Plaintiff have a declaratory judgment herein, pursuant to M.G.L.A. ch. 231A, determining his right to change the beneficiary of his pension plan and specifying that he is entitled to change the beneficiary of his pension plan;

II.   That the defendant is enjoined from preventing Plaintiff from changing the beneficiary of his pension plan.

III.   For costs.

RESPECTFULLY SUBMITTED
Bela F. Balogh
By His Attorney,

Vincent Pusateri, Esquire
PUSATERI & PUSATERI, P.C.
128 Prichard Street
Fitchburg, MA 01420
Tel. (978) 342-6081
BBO No.: 408120

DATED: July 15, 2003

EXHIBIT A

# Massachusetts State Carpenters Pension Fund

350 FORDHAM ROAD    •    SUITE ONE    •    WILMINGTON, MASSACHUSETTS 01887

TELEPHONE: (508) 694-1000

## PENSION APPLICATION

TO THE BOARD OF TRUSTEES:

**Office Use Only** (BH)

Application # ........... 6768

Type ....... Early

Effective Date ... 4-1-93

Amount $ ... 1,222.58

Option ..... 75%. PS

Lump Sum ... 3,000.00

Check # ............. Date ........

---

1.  Name    Balogh          Béla          F.
          Last          First          Middle

2.  Address    68    Keyes Rd.
          Number          Street

    City    Gardner    State    MA,    Zip    01440    Telephone    (508) 632-0966
                                                                          Area Code

3.  Social Security No.    216 38 6829    Date of Birth    3-9-38
                                                          (Attach Proof)

4.  Marital Status:   Single ☐   Married ☐   Widowed ☐   Divorced ☒   Re-Married ☒

**NOTE: If your marital status is divorced, you must check the box marked Divorced and forward copies of your Divorce Decree and ALL DOCUMENTS FILED WITH YOUR DECREE.**

## COMPLETE THE ENCLOSED FORM IF YOU WISH YOUR MONTHLY PAYMENT ELECTRONICALLY DEPOSITED TO YOUR BANK

Name of Spouse *Mariette L Balogh* Social Security No. *015 30 6658*

Date of Birth *5-2-38* Date of Marriage *2-1-92*

## COMPLETE (i) AND (ii) BELOW, IF YOU ARE NOT MARRIED OR IF YOU DO NOT WISH TO NAME YOUR SPOUSE AS BENEFICIARY

(i) Name of Beneficiary ............................  Social Security No. ...............................

|  | Street | City | State | Zip Code |

Date of Birth ....................... Relationship ........................

(ii) Name of Beneficiary ............................  Social Security No. ...............................

|  | Street | City | State | Zip Code |

Date of Birth ....................... Relationship ........................

5.) Date of Last Initiation into the United Brotherhood ............... *7-16-69*

5. a. Present Local Union ......... *1121*

6. Were you a member of your present Local Union on June 1, 1962?    Yes ☐    No ☐

If "No," Please state, (a) Local Union # cleared into .......................  (b) Date cleared ...................

(c) Local transferred from ...........................  State ...............................

7. Type of Pension: If eligible, 1 wish to retire on a (check one)

Regular Pension ☐    Early Retirement Pension ☒    Disability Pension ☐    Vested ☐    Pro Rata ☐

Service Pension ☐ (No age requirement, 30 or more pension credits worked in Massachusetts)

## IF YOU ARE APPLYING FOR A DISABILITY PENSION, COMPLETE THE FOLLOWING

(a) Have you applied for a Social Security Disability Award?    Yes ☐    No ☐

(b) If "Yes," have you received a decision?    Yes ☐    No ☐

(c) If "Yes," has it been approved or rejected?    Approved ☐    Rejected ☐

## IF IT HAS BEEN APPROVED, PLEASE FORWARD A COPY OF THE AWARD CERTIFICATE, INDICATING YOUR DATE OF ENTITLEMENT FROM SOCIAL SECURITY

8. Have you ever collected a pension from this office?        Yes ☐        No ☒

9. Participant-Spouse Benefit — If you are married, you MUST check either 1, 2 or 3. IF THIS PORTION OF YOUR APPLICATION IS NOT COMPLETED, THE APPLICATION WILL BE RETURNED TO YOU. This could delay the effective date of your pension. Your election may not be changed after the effective date of your pension.

   (1)    ☐    I DO NOT WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit.

  •(2)    ☑    I DO WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit.

   (3)    ☐    I MAY WISH to receive my pension benefits in the form of a 75% Participant-Spouse Benefit. Please let me know the amount of the pension benefit payable under the 75% Participant-Spouse Benefit.

   B. If you have checked 9(1) above, and do not elect 10c below, **100% Participant-Spouse Option,** you and your spouse must complete the enclosed Participant Statement before your pension application can be considered.

   ✓ *Bela J Balogh*                          ✓ *3 - 17 - 93*
   _____                _____
   Signature of Applicant                     Date

   ✓ *Marietta L Balogh*                      ✓ *3 - 17 - 93*
   _____                _____
   Signture of Spouse                         Date

10. OPTIONS UNDER THE PLAN:
    If you DO NOT elect to receive benefits in the form of a **75% Participant-Spouse,** 9(1) above, you may elect one of the following options:

    a.    ☐    Ten Year Certain Option

    b.    ☐    Joint & Survivor        ☐ 50%        ☐ 75%        ☐ 100%

   •c.    ☐    100% **Participant-Spouse** Option

   **PLEASE FORWARD A COPY OF YOUR MARRIAGE CERTIFICATE AND SPOUSE'S BIRTH CERTIFICATE, IF YOU CHOOSE A SPOUSE'S BENEFIT**

   'If you DO NOT elect a 75% Participant-Spouse Benefit, or any of the ABOVE options and die prior to collecting 60 payments, your spouse or beneficiary will receive the remaining payments in the same monthly amount.

   •If, before you have collected 24 pension payments, and you have elected the 75% or 100% Participant-Spouse Option, your spouse dies, or you are divorced and are not required to continue pension payments to your spouse under a (QUADRO) Qualified Domestic Relations Order, your benefit will be increased to the amount you would have received had you elected a lifetime pension option. To receive this increase in your pension, you must notify this office by forwarding a copy of the DEATH CERTIFICATE or a copy of the DIVORCE DECREE AND ALL DOCUMENTS FILED WITH THE DECREE.

11. You may also elect to receive a one-time lump sum Readjustment Allowance of 10% but not to exceed $3,000.00. You **ARE NOT** eligible to elect this payment if you are applying for a **DISABILITY PENSION**.

☑ I DO wish to elect a ONE-TIME READJUSTMENT ALLOWANCE.

☐ I DO NOT WISH to elect a ONE-TIME READJUSTMENT ALLOWANCE.

If you elect the One Time Readjustment Allowance, and do not request a rollover, this office must withhold 20% Federal Tax and 5.95% State tax, from your payment. If your residence is outside Massachusetts, State tax will not be withheld.

**Note: The Election/Rejection of Direct Rollover portion of this application, must be completed. Failure to complete this portion will result in a delay of your pension application.**

# ELECTION OR REJECTION OF DIRECT ROLLOVER
# TO AN IRA OR RETIREMENT PLAN

If you receive part of your benefit as a **Lump Sum,** you may elect to have part or all of that distribution transferred directly to an Individual Retirement Account (IRA) or to another qualified retirement plan (if it accepts rollovers). If you choose not to have that distribution transferred directly to an IRA or other retirement plan, the Plan is required to withhold 20 percent of the payment for federal income taxes and 5.95 percent for state income taxes. This withholding does not increase your taxes, but will be credited against any income tax you owe.

For further information on direct rollovers and withholding, please read the enclosed Special Tax Notice Regarding Plan Payments. You also may wish to consult your tax advisor before making this decision.

You may choose to have only part of the payment directly rolled over, and to have the rest paid to you. Withholding will be taken out of any part that is not directly rolled over. If you want to have only part of your payment directly rolled over, please tell us the amount (at least $500) that you would like to roll over.

Check below to indicate whether or not you elect a direct rollover of your lump sum re-adjustment allowance:

✓    **I do not** want to roll over any of my lump sum payment to an IRA or other qualified retirement plan. Pay me the full amount of my benefits, after withholding 20 percent for federal income tax as required by law and 5.95 percent state income tax.

✓ _Bela F Balogh_     ✓ _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_
Name (please print)        Social Security Number

✓ _Bela F Balogh_     ✓ _3-17-93_
Signature         Date

_____    I want to roll over my lump sum payment directly to an IRA or other qualified retirement plan that accepts rollovers. The IRA or other retirement plan is named on the reverse side.

I would like to have only **part** of my payment directly rolled over. Please roll over $_____ to the IRA or qualified retirement plan named below, and pay the remainder of my benefit to me, after withholding 20 percent for federal income taxes as required by law and 5.95 percent state income tax.

| | |
|---|---|
| _____ | _____ |
| Name (please print) | Social Security Number |

| | |
|---|---|
| _____ | _____ |
| Signature | Date |

## TO ELECT A DIRECT ROLLOVER
## YOU MUST PROVIDE ALL OF THE FOLLOWING INFORMATION

Please make payment of my benefit on my behalf to:

| | |
|---|---|
| _____ | _____ |
| Name of IRA Trustee or Qualified Retirement Plan | Account Number |

_____
Mailing Address

_____

_____

## CERTIFICATION

I certify that the recipient of a direct rollover that I have named above is an Individual Retirement Account, an Individual Retirement Annuity, or a qualified retirement plan that accepts rollovers. I understand that payment of my benefits to the trustee of the IRA or qualified retirement plan will release the Trustees of the Massachusetts State Carpenters Pension Plan from any further obligations or responsibilities with respect to the benefits so paid.

| | |
|---|---|
| _____ | _____ |
| Name (please print) | Social Security Number |

| | |
|---|---|
| _____ | _____ |
| Signature | Date |

**NOTE:** If you elected a direct rollover of your Lump Sum readjustment, the completed **Authorization/Transfer** form must be returned with your application, or, as soon as possible, or payment will be made to *you*, after deducting the legally required withholding.

12. My last date of employment was or will be ___11_____92_____

                                                  Month              Day             Year

13. Last Employer ___C.R.I.M._____

   3 / 17 – 93 _____Bela F Balogh_____
           Date                                         Signature of Applicant

## TO BE COMPLETED BY YOUR FINANCIAL SECRETARY

I hereby certify that the above employee's last date of initiation into the United Brotherhood was_____

                                                                             Month   Day   Year

I further certify that the above employee was a member of this Local Union on June 1, 1962. If clearance card

deposited or granted after June 1, 1962, please show date received_____also Local Union #_____
from which man transferred to your Local Union.

      AFFIX

      UNION

      SEAL

                                _____
                                         Signature of Financial Secretary

                        L.U. # _____ Date _____

EXHIBIT 1

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
### PROBATE AND FAMILY COURT DEPARTMENT

**WORCESTER DIVISION**

DOCKET #

## COMPLAINT FOR DIVORCE

MARIETTE L. BALOGH , PLAINTIFF

v.

BELA F. BALOGH , DEFENDANT

1. Plaintiff, who resides at 10 River Road, 14C, Winchendon, Massachusetts  01475, is lawfully married to Defendant, who now resides at 10 River Road, 14C, Winchendon, Massachusetts, 01475.

2. The parties were married at Gardner, Massachusetts, on February 1, 1992, and last lived together at Winchendon, Massachusetts, on May 29, 2000.

3. The minor child of this marriage and date of birth is:

   None

4. Plaintiff certifies that no previous action for divorce, annulling or affirming marriage, separate support, desertion, living apart for justifiable cause, or custody of           has been brought by either party against the other except: None.

5. On or about May 29, 2000, Defendant was guilty of Cruel and Abusive Treatment toward the Plaintiff as well as on diverse other times and occassions and/or the parties experienced an irretrievable breakdown of the marriage uner M.G.L. Ch. 208, Section 1B.

6. Wherefore, Plaintiff requests that the Court:

   ☒ grant a divorce for Irretrievable Breakdown and/or Cruel and Abusive Treatment.
   ☒ prohibit Defendant from imposing any restraint on Plaintiff's personal liberty.
   ☒ order a suitable amount of support of Plaintiff.
   ☐ order conveyance of the real estate located at _____, standing in the name(s) of ____, as recorded with ___ Registry of Deeds, Book _____, Page _____.
   ☐ allow Plaintiff to resume her former name of _____.
   ☒ order an equitable distribution of the marital assets.

Dated:

Douglas L. Burwick
Attorney for Plaintiff
90 Main Street
Leominster, MA  01453
BBO #067340

Telephone:    (978) 537-3333
Telefax:        (    )

CJ-D 101 (6/90)

c.g f / LRAM

EXHIBIT C

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT
## PROBATE AND FAMILY COURT

WORCESTER, S.S.                                        DOCKET NO. 00DR2080-DV1

---

MARIETTE L. BALOGH,
      Plaintiff

Vs.

BELA F. BALOGH,
      Defendant

---

## JUDGMENT
### (On Complaint for Divorce filed September 12, 2000)

All persons having been notified in accordance with law and after hearing, it is adjudged nisi that a divorce from the bond of matrimony be granted said Plaintiff for the cause of irretrievable breakdown as provided by G.L. c. 208, § 1B and that upon expiation of three months from the entry of this judgment it shall become absolute unless upon the application of any person within such period, the court shall otherwise order, and it is further ordered that:

1.    Each party shall retain all items of personal property, real estate and intangible property including bank accounts standing in their individual name. Husband shall retain all monies in his Fleet Bank Account No. 266-74955, free from any claim of the Wife.

2.    Neither party shall pay alimony to the other party.

3.    Each party shall be responsible for their own medical and dental expenses.

4.    The Wife shall be allowed to resume her former name of Poirier.

_5-14-02_
Date

ABSOLUTE: August 13, 2002

Joseph Lian, Jr., First Justice
Worcester Probate and Family Court

 **MASSACHUSETTS STATE CARPENTERS PENSION FUND**

350 FORDHAM ROAD  •  SUITE ONE  •  WILMINGTON, MASSACHUSETTS 01887-2161

TELEPHONE   (978) 694-1000                                    FAX  (978) 657-8914

May 21, 2002

Vincent Pusateri, Esquire
128 Prichard Street
Fitchburg, MA  01420

Re:    Bela Balogh

Dear Attorney Pusateri:

*This will acknowledge receipt of your letter dated May 20, 2002 regarding Mr. Bela Balogh's pension.*

*As stated in your conversation with this office, a Participant Spouse Pension, once payable, may not be revoked unless either the Pensioner or the spouse files for divorce within 24 months after the Participant's Pension Starting date.*

*Mr. Balogh's pension effective date was April 1, 1993.  Accordingly, as neither filed for divorce within the 24 months after April 1, 1993, the Participant Spouse Option cannot be revoked.*

*Please refer to the enclosed Page 20, Participant Spouse Pension, Section 5.03 (e) and (h) of the Plan Document.*

*If you have any questions, please contact this office.*

*Sincerely,*

*Harry R. Dow*
*Executive Director*

*HRD: bac*

*Enclosures*



Filed 1-9-04

# · Trial Court
# of the Commonwealth
Probate ~~District~~ Court Department
# *Fitchburg Division*

......................

## APPEARANCE

~~03F  0057-GC~~

No. 03E  0057-GC

Bela  F. Balogh ........................... Plff.

Mariette L. Poirier F/k/k .............Deft.

..................................... Tr.

Entered .................................. 20

In the above entitled action,

enter my appearance

for the defendant  plaintiff

_Guda M. Larson_
Attorney

Rose Li
_134 Prichard St_
Address

Fitchburg MA
City

COMMONWEALTH OF MASSACHUSETTS

PROBATE COURT
No. 03E 0057-GC

Worcester, _____ ss.

BELA F. BALOGH _____ Plaintiff    *Filed 8/13/03*

Summons

MARIETTE L. POIRIER, F/K/A MARIETTE L. BALOGH and
MASSACHUSETTS STATE
CARPENTERS PENSION FUND _____ Defendant s

To the above-named Defendant:  Mariette L. Poirier, f/k/a Mariette L. Balogh

You are hereby summoned and required to serve upon Vincent Pusateri, Esq., _____,
plaintiff's attorney, whose address is   128 Prichard Street, Fitchburg, MA 01420 ,
an answer to the complaint which is herewith served upon you, within 20 days after service of this
summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be
taken against you. You are also required to file your answer to the complaint in the office of the Register
of this Court at _____ Worcester _____ either before service upon plaintiff's attor-
ney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), Mass. R. Civ. P., your answer must state as a
counterclaim any claim which you may have against the plaintiff which arises out of the transaction
or occurrence that is the subject matter of plaintiff's claim or you will thereafter be barred from
making such claim in any other action.

Witness _____ Joseph Lian, Jr. _____ , Esquire, First Judge
of said Court at _____ Worcester _____

_____ July 22, _____ 20 03

*[signature]*
**Register of Probate**

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Register's Office at Probate Court, 2 Main Street, Worcester, MA 01608

CJ 210  (1/76